BLALOCK v. WRIGHT.   (No. 1951.)

(Court of Civil Appeals of Texas: Texarkana.
March 28, 1918.   Rehearing Denied
April 18, 1918.)

APPEAL AND ERROR ☞724(1)—INSUFFICIENT
ASSIGNMENT—EXTENT OF REVIEW.

Where none of assignments of error in appellant's brief point out any ruling as the subject-matter of complaint, and the court on appeal is therefore unable to consider them, the judgment will be affirmed; there being no fundamental error of which appellant can complain apparent from the record.

Appeal from District Court, Van Zandt County; J. R. Warren, Judge.

Suit by W. B. Wright against S. G. Blalock and others, and by the same plaintiff against W. W. Dickerson. The suits were consolidated and tried together. From decree rendered, Blalock appeals. Affirmed. .

Natt M. Crawford, of Grand Saline, for appellant. R. M. Lively and C. L. Stanford, both of Canton, for appellee.

HODGES, J.   In February, 1913, the appellant, S. G. Blalock, sued A. J. Sibley to recover on four promissory notes for $178.33 each and to foreclose a vendor's lien upon a tract of land theretofore conveyed by him to Sibley. A judgment was rendered in Blalock's favor for $1,148.77 with the foreclosure of the lien prayed for. A memorandum of this judgment was entered by the judge on his trial docket, and a copy prepared by Blalock's attorney for the clerk to use in making the record. The copy prepared, however, left the amount of the judgment blank; and the clerk,· following this, failed to state the amount of the judgment in completing the record. Thereafter an order of sale was issued, and the clerk, acting under instructions from Blalock's attorney, took the amount for which judgment had been rendered from the memorandum entered on the docket of the trial judge. The order of sale was placed in the hands of the sheriff, who advertised and sold the property to W. B. Wright, the appellee in this suit. During the pendency of the suit of Blalock against Sibley the former sold the land to W. W. Dickerson, taking in payment therefor several promissory notes. Some time thereafter Wright filed this suit against Blalock and all the parties concerned to have a judgment entered nunc pro tunc in the suit of Blalock against Sibley, and also filed a suit in trespass to try title against W. W. Dickerson to recover possession of the land. The two suits were later consolidated and tried before the court without a jury. Dickerson answered in that suit asking for cancellation of his notes in the event judgment was rendered against him in favor of Wright. After hearing the evidence judgment was rendered in favor of Wright, correcting the judgment entry as made by the clerk and entering the correct amount nunc pro tunc. Judgment was also rendered in favor of Dickerson canceling the notes theretofore given by him to ·Blalock, and in favor of Wright for the title and possession of the land. Blalock alone has appealed.

Appellant's brief contains what are styled four assignments of error. None of these point out any ruling of the court as the subject-matter of complaint. We are therefore unable to consider them.

We have examined the record, and find no fundamental error of which Blalock could complain; and the judgment is affirmed.